# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 15 C 593 |
| | ) | |
| CHARLES WHITE. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Charles White's (White) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). For the reasons stated below, the Section 2255 motion is denied.

## BACKGROUND

On July 9, 2010, in case number 06 CR 763, a jury convicted White on Counts One through Seven of the Indictment, which charged White with wire fraud. White subsequently filed post-trial motions, which were denied on July 8, 2011. On September 21, 2011, White was sentenced to a total term of imprisonment of 266 months. White filed an appeal, and on December 13, 2013, the Seventh Circuit affirmed White's conviction and sentence. On January 20, 2015, White filed the instant Section 2255 motion.

## LEGAL STANDARD

1

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

## DISCUSSION

White argues in his Section 2255 motion: (1) that his trial counsel was ineffective because he failed to object to the introduction of certain business records (Claim 1), (2) that his counsel at sentencing was ineffective because he failed to obtain the services of an accountant to establish which transactions were part of relevant conduct (Claim 2), (3) that his counsel at sentencing was ineffective because he failed to obtain the services of an accountant to address the loss amount issue (Claim 3), that his appellate counsel was ineffective due to his failure to obtain, investigate, and file certain trial transcripts for the appeal (Claim 4), and that his appellate counsel was ineffective due to his failure to raise certain issues on appeal (Claim 5). To show ineffective assistance of counsel, a petitioner must establish: (1) that "his attorney's performance fell below an objective standard of reasonableness," and (2) that "he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455,

457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)); *see also Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014)(stating that "[t]o reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [a court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance")(quoting *Yu Tian Li v. United States*, 648 F.3d 524, 527-28 (7th Cir. 2011)).

I.  Business Records (Claim 1)

White argues that his trial counsel erred by failing to file an objection to the Government's introduction of certain business records (Records) as self-authenticating records under Federal Rule of Evidence 902(11) (Rule 902(11)). White contends that had his counsel filed a written objection prior to the trial, the court would have conducted an evidentiary hearing and it would have been discovered that the custodians of the Records presented by the Government were not qualified to certify the Records. White argues that some of the "certifiers of the 902(11) certificates" were "successor keepers of the records," because they were employed by successor entities of defunct companies. (Mem. 3-4). White contends that such custodians lacked "the required knowledge about the records they were certifying, other than the fact that thier [sic] present employer company . . . possessed the records of a 'defunct' financial corporation . . . ." (Mem. 4). The record shows that at trial, White's counsel orally objected to the introduction of the Records on the

same basis and vigorously argued for their exclusion. (06 CR 763: DE 474: 16-20). For example, White's counsel specifically challenged the ability of "successor keepers of the records" to certify the Records." (06 CR 763: DE 474: 19); (06 CR 763: DE 420: 29-31). White's counsel argued that although such custodians said "the records were kept in the ordinary . . . course of regularly conduct business activity," the custodians "don't know that because it wasn't their business." (06 CR 763: DE 420: 31). The court fully considered the substantive arguments presented by his trial counsel on that issue and found the argument to lack merit. White points out that the court mentioned at trial that his counsel's objection was untimely because White's counsel did not file a written objection before trial. (06 CR 763: DE 420: 40). White also accuses his trial counsel of perjury when his counsel indicated to the court that he was not aware of a deadline for objections. (Reply 3). However, White incorrectly concludes in his Section 2255 motion that the court overruled the objection because it was not filed in writing before trial. (Mot. 7). The court gave the parties an opportunity to argue their positions, and the court ruled on the merits of the objection. Even if White's counsel had filed a written objection before trial, the result would have been the same. The Records were clearly admissible pursuant to Rule 902(11) and the custodians presented by the Government were qualified to certify the Records. White has not presented any new arguments that would create any doubt as to the Records' admissibility under Rule 902(11). To the extent that some of the custodians presented by the Government worked for successor entities, nothing in Rule 902(11) specifically requires the certifying custodian to be employed

by the original entity that created the records in question. Nor has White pointed to anything in the record that would have warranted an evidentiary hearing on this issue.

White also includes certain frivolous allegations in his reply without supporting facts, alleging that "all" the lenders in his case were engaged in fraudulent activities that rendered such Records untrustworthy. (Reply 5). The record is devoid of evidence to support White's assertions as to the untrustworthy nature of such regularly kept business records. Nor is the court required to conduct an evidentiary hearing based on such frivolous speculation and vague assertions. Thus, White has failed to show that his trial counsel was ineffective, and White has failed to show that he was prejudiced in any manner by the introduction of the Records. Finally, regardless of any Rule 902(11) certification, the Government showed at trial that the Records were sufficiently trustworthy to admit them. Therefore, Claim 1 is without any merit.

II. Accountant (Claims 2 and 3)

White argues that his sentencing counsel was ineffective because his counsel did not retain a certified public accountant as a forensic expert to ascertain what transactions should have contributed to the loss amount and what transactions were not part of the offense or relevant conduct. White has submitted with his Section 2255 motion an affidavit from Barry Jay Epstein (Epstein), who is an accountant. Epstein identifies certain properties that were not in foreclosure or did not have *lis*

*pendens* attachments and which he believes should not have been considered at sentencing. However, the Government was not required to limit the loss amount or relevant conduct to properties that were in foreclosure or had *lis pendens* attachments. White was charged with participating in a scheme to defraud financially distressed homeowners facing foreclosure and mortgage lenders by means of false and fraudulent pretenses, such as by submitting false and fraudulent mortgage applications. (06 CR 763: DE 53). Nothing in the indictment limited the scope of the fraudulent scheme to properties that were in foreclosure. Whether or not certain properties were actually in foreclosure or whether a *lis pendens* had been filed was not pertinent for the relevant conduct or loss amount analysis. The affidavit provided by Epstein does not in any way undermine the loss amount or relevant conduct determinations made by the Government or court.

Nor does the affidavit provided by Epstein even show that the Accountant had a proper understanding of the pertinent factors or law that would have enabled him to make a proper determination as to the impact an expert would have had on sentencing issues. The Government correctly points out that Epstein fails to address the loss calculations or sentencing calculations in any way. Epstein also fails to present adequate qualifications or indicate a proper understanding of the relevant law to support his broad conclusion that the absence of expert assistance resulted in "White receiving a longer sentence. . . ." (Ep. Aff. Par. 30). In addition, Epstein gives legal conclusions in his opinion such as that, in his expert opinion, "ineffective assistance of counsel" occurred in this case. (Ep. Aff. Par. 30). However, Epstein

presents no qualifications and indicates no understanding of the law that would enable him to make such legal conclusions. The court also notes that it is not the court's role at this juncture to decide in hindsight whether White's sentencing counsel should have sought an expert. The court must only ascertain whether the decision of White's sentencing counsel fell within the wide range of reasonable professional judgment, and the court concludes that White's sentencing counsel acted reasonably. The fact that Epstein would have chosen to hire an accountant, such as himself, had he represented White is not sufficient to show that White's counsel was ineffective.

Nor was there any basis for White's sentencing counsel to seek the assistance of an accountant. Funds for expert services are not automatically made available in every criminal case. White's counsel properly concluded that such expert assistance would not have materially advanced the preparation of White's case and that an expert was not warranted. The facts show that expert assistance would not have altered White's sentencing calculations or impacted the sentencing in any material fashion. White has not shown that his sentencing counsel was ineffective or that White was prejudiced in any way due to the lack of expert assistance at his sentencing. Therefore, Claims 2 and 3 are without any merit.

III. Trial Transcripts and Issues on Appeal (Claims 4 and 5)

White argues that his appellate counsel was ineffective because he did not order certain trial transcripts and did not raise certain arguments such as the Rule

902(11) argument mentioned above. White has not identified any specific portions of the trial that were not included in transcripts or obtained by his appellate counsel that would have had any material bearing on his appeal. Nor has White pointed to any meritorious arguments that his appellate counsel failed to present to the Seventh Circuit. White has not shown that his appellate counsel was ineffective or that White was prejudiced in any way in regard to his appeal. Therefore, Claims 4 and 5 are without any merit.

IV.  New Claims in Reply

The court notes that White has presented new claims in his reply, thus denying the Government an opportunity to respond to such claims. For example, White argues that his trial counsel was not prepared for trial, contending that his counsel was not familiar with the Government's witness list. (Reply 12). Such new claims are improper since they were not included in his Section 2255 motion. The court also notes that even if White had presented such arguments in a timely fashion, the court has considered such arguments and they lack any merit. In fact, some of the arguments, such as White's contention that the Government's loss amount calculation was premised on guesswork were already presented by his counsel to this court and were found to lack merit. (06 CR 763: DE 329: 13-14).

V.  Evidentiary Hearing

White requests an evidentiary hearing for his Section 2255 motion. A district

8

court is not required to "grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 2015 WL 3643510, at *2 (7th Cir. 2015). An evidentiary hearing should be held if the petitioner "alleges facts that, if proven, would entitle him to relief," but a hearing need not be conducted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," or if "the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Id.* (internal quotations omitted)(quoting 28 U.S.C. § 2255 and *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006)). In the instant Section 2255 Motion, White has not alleged facts or presented evidence that shows that his trial counsel, sentencing counsel, or appellate counsel were ineffective in any way or that White's defense, sentencing position, or appeal was prejudiced in any way. There is thus no need for an evidentiary hearing in this case.

## CONCLUSION

Based on the foregoing analysis, White's Section 2255 motion is denied.

 

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 30, 2015